

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| C. and C.S., for their minor daughter,<br>H.S., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-374-TH<br>JURY |
| SILSBEE  INDEPENDENT<br>SCHOOL DISTRICT, et al, | § § | |
| *Defendants.* | § § | |

# <u>ORDER</u>

Before the Court is the *Defendants' Restated Motion for Attorneys Fees and Costs* [Clerk's Docket No. 50], filed by Defendants Gaye Lokey and Sissy McInnis, on November 3, 2009.  Plaintiffs have not filed a response to the motion.

### BACKGROUND

On October 7, 2009, this Court granted the Defendants motions to dismiss, with prejudice, the Plaintiffs' federal claims, brought under 28 U.S.C. § 1983 ("Section 1983"), and declined to exercise supplemental jurisdiction over their state law claims against two of the named defendants.  Defendants Lokey and McInnis now move the Court to award them attorneys' fees and costs.

### ANALYSIS

A.  Attorney's Fees and Costs to a Prevailing Party in a Section 1983 action

A district court has discretion to award attorney's fees to a prevailing party in an action seeking recovery under Section 1983.  28 U.S.C. § 1988 ("[i]n any action or proceeding to enforce provisions of section . . . 1983 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs . . . ."); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Where a defendant to a Section 1983 action seeks attorney's fees, the district must also find that the plaintiff's claims are frivolous, unreasonable, or without foundation before it may award attorney's fees.  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F. 3d 985, 997 (5th Cir. 2008).  To award costs to a defendant, the district court must simply find that the defendant was a prevailing party.  Fed. R. Civ. P. Rule 54(d)(1).

A judgment on the merits altering the legal relationship of the parties establishes the prevailing party.  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & human Res.*, 532 U.S. 598, 603-04 (2001).  A dismissal with prejudice is a judgment on the merits and similarly establishes the prevailing party.  *See, e.g., Fox v. Vice*, 2010 U.S. App. LEXIS 1171 (5th Cir. 2010) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F. 2d  533, 539 (5th Cir. 1990) (dismissal with prejudice is tantamount to judgment on the merits, rendering defendants prevailing parties for costs purposes under Rule 54)).  The Court dismissed Plaintiffs' Section 1983 action against Defendants with prejudice.  Therefore, Defendants Lokey and McInnis are prevailing parties for the purposes of Section 1988 and Rule 54 of the Federal Rules of Civil Procedure.

As a prevailing party, the Court shall award their costs to Defendants.  Fed. R. Civ. Pro. 54

(d)(1). To determine whether it will also award attorney fees to Defendants, the Court must determine whether Plaintiff's Section 1983 claims were frivolous, unreasonable or without foundation.

B. Whether Plaintiffs' Section 1983 claims were frivolous, unreasonable or without foundation.

When determining whether a claim is frivolous, unreasonable, or without foundation, a district court should consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F. 3d 289, 292 (5th Cir. 2000). The court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover*, 549 F. 3d at 997-98 (quoting *Jones v. Tex. Tech Univ.*, 656 F. 2d 1137, 1145 (5th Cir. 1981)). As to the first factor, the Court concludes that the Plaintiff failed to establish a prima facie federal claim. In its order dismissing Plaintiff's suit with prejudice, the Court found that Plaintiffs had failed to allege any facts to support a finding their daughter was denied her rights under the Constitution. As to the second factor, Defendants made no offers to settle. Finally, there was not a full trial as the Court granted Defendants motion to dismiss for failure to state a claim. Having considered these factors, the Court finds that Plaintiffs' Section 1983 action was without foundation. Therefore, as prevailing defendants in an unreasonable Section 1983 action, Defendants Lokey and McInnis are entitled to recover reasonable attorney's fees.

C. Calculating Attorney's Fees and Costs

Once the court determines that a party is entitled to attorney's fees, it must calculate the appropriate amount to be awarded. *See Hopwood v. Texas*, 236 F. 3d 256, 277 (5th Cir. 2000). In order

to determine the amount, the trial court must calculate the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F. 3d 173, 192 (5th Cir. 1999); *Watkins v. Fordice*, 7 F. 3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 462 U.S. 424, 434 (1983)).

The court's first step is to determine the compensable hours listed in the attorney's time records. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) (citing *Alberti v. Klevenhagen*, 896 F. 2d 927, 930 (5th Cir.), *vacated in part*, 903 F. 2d 352 (5th Cir. 1990)). To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify for each attorney, the date, the hours expended, and the work done." *Kirsch v. Fleet St., Ltd.*, 148 F. 3d 149, 173 (2d Cir. 1998). Time charged for work that is "excessive, duplicative, or inadequately documented" should be excluded. *Watkins*, 7 F. 3d at 457 (citing *Hensley*, 461 U.S. at 432-34; *Von Clark v. Butler*, 916 F. 2d 255, 259 (5th Cir. 1990)).

Once the compensable time is determined, the court's second step is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F. 2d at 319 (citing *Alberti*, 896 F. 2d at 930); *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99 F. 3d 757, 760 (5th Cir. 1996). The appropriate hourly rate is generally established through affidavits of other attorneys practicing in the community. *Tollet v. City of Kemah*, 285 F. 3d 357, 368-69 (5th Cir. 2002). In addition, the trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile County*, 526 F. 2d 865, 868

(5th Cir. 1976).

After determining the number of compensable hours and the appropriate hourly rate, the court multiples one by the other to produce the "lodestar" amount.  *Shipes*, 987 F. 2d at 319.

As the party seeking costs, Defendants have the burden to support their request for expenses with evidence documenting the costs incurred.  *See Fogelman v. ARAMCO*, 920 F. 2d 278, 285-86 (5th Cir. 1991).  Whether costs and expenses are reasonable is left to the sound discretion of the trial judge. *See Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F. 2d 374, 380 (5th Cir. 1990) (citing *Curtis v. Bill Hanna Ford, Inc.*, 822 F. 2d 549, 553 (5th Cir. 1987); *In re Hunt*, 754 F. 2d 1290, 1294 (5th Cir. 1985).

Defendants have submitted no evidence in support of their motion for attorney's fees.

## CONCLUSION

Defendants are entitled to reasonable attorney's fees and costs.  The Court is unable to determine such from their motion.

Wherefore, it is **ORDERED** that Defendants shall submit their counsel's contemporaneously created time records on or before March 5, 2010.

It is further **ORDERED** that Defendants shall present the Court with evidence showing the reasonableness of the proposed rate on or before March 5, 2010.

It is further **ORDERED** that Defendants shall present the Court with evidence in support if their costs incurred on or before March 5, 2010.

**SO ORDERED**.

**SIGNED** this the 23 day of **February, 2010.**

Thad Heartfield
United States District Judge