

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| C. and C.S., for their minor daughter, H.S., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-374-TH |
| SILSBEE INDEPENDENT SCHOOL DISTRICT, et al, | § § § § | JURY |
| Defendants. | § | |

# ORDER

Before the Court is the *Defendants' Second Restated Motion for Attorneys Fees and Costs* [Clerk's Docket No. 45], filed by Defendants Silsbee Independent School District ("SISD") and Richard Bain, Jr. ("Bain"), on October 21, 2009. Plaintiffs have not filed a response to the motion.

### BACKGROUND

On October 7, 2009, this Court granted the Defendants motions to dismiss, with prejudice, the Plaintiffs' federal claims, brought under 28 U.S.C. § 1983 ("Section 1983"), and declined to exercise supplemental jurisdiction over their state law claims against two of the named defendants. Defendants SISD and Bain now move the Court to award them attorney's fees and costs.

## ANALYSIS

A.  Attorney's Fees and Costs to a Prevailing Party in a Section 1983 action

A district court has discretion to award attorney's fees to a prevailing party in an action seeking recovery under Section 1983. 28 U.S.C. § 1988 ("[i]n any action or proceeding to enforce provisions of section . . . 1983 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs . . . ."); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a defendant to a Section 1983 action seeks attorney's fees, the district must also find that the plaintiff's claims are frivolous, unreasonable, or without foundation before it may award attorney's fees. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F. 3d 985, 997 (5th Cir. 2008). To award costs to a defendant, the district court must simply find that the defendant was a prevailing party. Fed. R. Civ. P. Rule 54(d)(1).

A judgment on the merits altering the legal relationship of the parties establishes the prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & human Res.*, 532 U.S. 598, 603-04 (2001). A dismissal with prejudice is a judgment on the merits and similarly establishes the prevailing party. *See*, *e.g.*, *Fox v. Vice*, 2010 U.S. App. LEXIS 1171 (5th Cir. 2010) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F. 2d 533, 539 (5th Cir. 1990) (dismissal with prejudice is tantamount to judgment on the merits, rendering defendants prevailing parties for costs purposes under Rule 54)). The Court dismissed Plaintiffs' Section 1983 action against Defendants with prejudice. Therefore, Defendants SISD and Bain are prevailing parties for the purposes of Section 1988 and Rule 54 of the Federal Rules of Civil Procedure.

As a prevailing party, the Court shall award their costs to Defendants. To determine whether

it will also award Defendants attorney fees, the Court must determine whether Plaintiff's Section 1983 claims were frivolous, unreasonable or without foundation.

B. Whether Plaintiffs' Section 1983 claims were frivolous, unreasonable or without foundation.

When determining whether a claim is frivolous, unreasonable, or without foundation, a district court should consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F. 3d 289, 292 (5th Cir. 2000). The court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover*, 549 F. 3d at 997-98 (quoting *Jones v. Tex. Tech Univ.*, 656 F. 2d 1137, 1145 (5th Cir. 1981)). As to the first factor, the Court concludes that the Plaintiff failed to establish a prima facie federal claim. In its order dismissing Plaintiff's suit with prejudice, the Court found that Plaintiffs had failed to allege any facts to support a finding their daughter was denied her rights under the Constitution. As to the second factor, Defendants made no offers to settle. Finally, there was not a full trial as the Court granted Defendants motion to dismiss for failure to state a claim. Having considered these factors, the Court finds that Plaintiffs' Section 1983 was without foundation. Therefore, as prevailing defendants to a frivolous Section 1983 action, Defendants SISD and Bain are entitled to recover attorney's fees.

C. Calculating Attorney's Fees and Costs

Once the court determines that a party is entitled to attorney's fees, it must calculate the appropriate amount to be awarded. *See Hopwood v. Texas*, 236 F. 3d 256, 277 (5th Cir. 2000). In order to determine the amount, the trial court must calculate the "lodestar" by multiplying the number of

3

hours reasonably spent on the case by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F. 3d 173, 192 (5th Cir. 1999); *Watkins v. Fordice*, 7 F. 3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 462 U.S. 424, 434 (1983)).

The court's first step is to determine the compensable hours listed in the attorney's time records. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) (citing *Alberti v. Klevenhagen*, 896 F. 2d 927, 930 (5th Cir.), *vacated in part*, 903 F. 2d 352 (5th Cir. 1990)). To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify for each attorney, the date, the hours expended, and the work done." *Kirsch v. Fleet St., Ltd.*, 148 F. 3d 149, 173 (2d Cir. 1998). Time charged for work that is "excessive, duplicative, or inadequately documented" should be excluded. *Watkins*, 7 F. 3d at 457 (citing *Hensley*, 461 U.S. at 432-34; *Von Clark v. Butler*, 916 F. 2d 255, 259 (5th Cir. 1990)).

Once the compensable time is determined, the court's second step is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F. 2d at 319 (citing *Alberti*, 896 F. 2d at 930); *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99 F. 3d 757, 760 (5th Cir. 1996). The appropriate hourly rate is generally established through affidavits of other attorneys practicing in the community. *Tollet v. City of Kemah*, 285 F. 3d 357, 368-69 (5th Cir. 2002). In addition, the trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile County*, 526 F. 2d 865, 868 (5th Cir. 1976).

After determining the number of compensable hours and the appropriate hourly rate, the court multiples one by the other to produce the "lodestar" amount. *Shipes*, 987 F. 2d at 319.

As the party seeking costs, Defendants have the burden to support their request for expenses with evidence documenting the costs incurred. *See Fogelman v. ARAMCO*, 920 F. 2d 278, 285-86 (5th Cir. 1991). Whether costs and expenses are reasonable is left to the sound discretion of the trial judge. *See Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F. 2d 374, 380 (5th Cir. 1990) (citing *Curtis v. Bill Hanna Ford, Inc.*, 822 F. 2d 549, 553 (5th Cir. 1987); *In re Hunt*, 754 F. 2d 1290, 1294 (5th Cir. 1985).

Counsel for SISD and Bain has submitted an affidavit that the following were the costs of litigation, including attorney fees:

- The nature of the case required the firm to spend 194.95 hours defending these SISD and Bain.
- The hourly fee for lead counsel is $225 and the hourly fee for her associate is $125.
- The fees charged are those customarily charged in this area for the same or similar services by an attorney with comparable experience, reputation and ability, considering the nature of the controversy, the time limits imposed, the results obtained compared with results in similar cases, and the nature and length of the relationship with Defendants SISD and Bain.
- In addition to attorney's fees, the firm incurred out-of-pocket litigation expenses in the amount of $639.50.

- The total amount of attorney's fees sought is $36,858.75.

Defendants have submitted no other evidence to support their motion for attorney's fees and costs. Defendants have not submitted the attorney's time records and so the Court cannot determine the compensable time at issue. Defendants have not offered evidence of the appropriate hourly rate. Nor have they provided any evidence documenting the costs incurred. Therefore, the Court is unable to determine the appropriate award at this time.

## Conclusion

Defendants are entitled to reasonable attorney's fees and costs. The Court is unable to determine such from Defense counsel's affidavit alone.

Wherefore, it is **ORDERED** that Defendants shall submit their counsel's contemporaneously created time records on or before March 5, 2010.

It is further **ORDERED** that Defendants shall present the Court with evidence showing the reasonableness of the proposed rate on or before March 5, 2010.

It is further **ORDERED** that Defendants shall present the Court with evidence in support if their costs incurred on or before March 5, 2010.

**SO ORDERED**.

**SIGNED** this the 23 day of **February, 2010.**

_____
Thad Heartfield
United States District Judge