

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| C. and C.S., for their minor daughter, H.S., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-374-TH |
| SILSBEE INDEPENDENT SCHOOL DISTRICT, et al, | § § § § | JURY |
| Defendants. | § | |

# ORDER

Before the Court is the *Defendants' Restated Motion for Attorneys Fees and Costs* [Clerk's Docket No. 50], filed by Defendants Gaye Lokey and Sissy McInnis, on November 3, 2009 and their Affidavit and Exhibits in Support, filed on March 5, 2010, per the Court's order.

### BACKGROUND

On October 7, 2009, this Court granted the Defendants motions to dismiss, with prejudice, the Plaintiffs' federal claims, brought under 28 U.S.C. § 1983 ("Section 1983"), and declined to exercise supplemental jurisdiction over their state law claims against two of the named defendants. Defendants Lokey and McInnis now move the Court to award them attorneys' fees and costs.

ANALYSIS

A.  Attorney's Fees and Costs to a Prevailing Party in a Section 1983 action

A district court has discretion to award attorney's fees to a prevailing party in an action seeking recovery under Section 1983. 28 U.S.C. § 1988 ("[i]n any action or proceeding to enforce provisions of section . . . 1983 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs . . . ."); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a defendant to a Section 1983 action seeks attorney's fees, the district court must also find that the plaintiff's claims are frivolous, unreasonable, or without foundation before it may award attorney's fees. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F. 3d 985, 997 (5th Cir. 2008). To award costs to a defendant, the district court must simply find that the defendant was a prevailing party. Fed. R. Civ. P. Rule 54(d)(1).

A judgment on the merits altering the legal relationship of the parties establishes the prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & human Res.*, 532 U.S. 598, 603-04 (2001). A dismissal with prejudice is a judgment on the merits and similarly establishes the prevailing party. *See, e.g., Fox v. Vice*, 2010 U.S. App. LEXIS 1171 (5th Cir. 2010) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F. 2d 533, 539 (5th Cir. 1990) (dismissal with prejudice is tantamount to judgment on the merits, rendering defendants prevailing parties for costs purposes under Rule 54)). The Court dismissed Plaintiffs' Section 1983 action against Defendants with prejudice. Therefore, Defendants Lokey and McInnis are prevailing parties for the purposes of Section 1988 and Rule 54 of the Federal Rules of Civil Procedure.

As a prevailing party, the Court shall award their costs to Defendants. Fed. R. Civ. Pro. 54

(d)(1). To determine whether it will also award attorney fees to Defendants, the Court must determine whether Plaintiff's Section 1983 claims were frivolous, unreasonable or without foundation.

B. Whether Plaintiffs' Section 1983 claims were frivolous, unreasonable or without foundation.

When determining whether a claim is frivolous, unreasonable, or without foundation, a district court should consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F. 3d 289, 292 (5th Cir. 2000). The court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover*, 549 F. 3d at 997-98 (quoting *Jones v. Tex. Tech Univ.*, 656 F. 2d 1137, 1145 (5th Cir. 1981)). As to the first factor, the Court concludes that the Plaintiff failed to establish a prima facie federal claim. In its order dismissing Plaintiff's suit with prejudice, the Court found that Plaintiffs had failed to allege any facts to support a finding their daughter was denied her rights under the Constitution. As to the second factor, Defendants made no offers to settle. Finally, there was not a full trial as the Court granted Defendants' motion to dismiss for failure to state a claim. Having considered these factors, the Court finds that Plaintiffs' Section 1983 action was without foundation. Therefore, as prevailing defendants in an unreasonable Section 1983 action, Defendants Lokey and McInnis are entitled to recover reasonable attorney's fees.

C. Calculating Attorney's Fees and Costs

Once the court determines that a party is entitled to attorney's fees, it must calculate the appropriate amount to be awarded. *See Hopwood v. Texas*, 236 F. 3d 256, 277 (5th Cir. 2000). In order

to determine the amount, the trial court must calculate the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F. 3d 173, 192 (5th Cir. 1999); *Watkins v. Fordice*, 7 F. 3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 462 U.S. 424, 434 (1983)).

The court's first step is to determine the compensable hours listed in the attorney's time records. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) (citing *Alberti v. Klevenhagen*, 896 F. 2d 927, 930 (5th Cir.), *vacated in part*, 903 F. 2d 352 (5th Cir. 1990)). To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify for each attorney, the date, the hours expended, and the work done." *Kirsch v. Fleet St., Ltd.*, 148 F. 3d 149, 173 (2d Cir. 1998). Time charged for work that is "excessive, duplicative, or inadequately documented" should be excluded. *Watkins*, 7 F. 3d at 457 (citing *Hensley*, 461 U.S. at 432-34; *Von Clark v. Butler*, 916 F. 2d 255, 259 (5th Cir. 1990)). Here, Defendants have submitted a total of 62 hours spent defending Gaye Lokey and Sissy McInnis in this suit. The Court has reviewed Defense counsel's billing and time records. Defense counsel recorded the services performed in tenths of an hour and each entry contains descriptive detail. The Court finds that the time records show a total of 62 hours were spent by counsel in their defense and these hours were reasonable and properly recorded at the time.

Once the compensable time is determined, the court's second step is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F. 2d at 319 (citing *Alberti*, 896 F. 2d at 930); *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson,*

*Miss.*, 99 F. 3d 757, 760 (5th Cir. 1996). In addition, the trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile County*, 526 F. 2d 865, 868 (5th Cir. 1976). Defendants' attorney, John W. Newton is an attorney licensed to practice in the State of Texas and the Eastern District of Texas, Beaumont Division. He has been so licensed since 1979. He has had over 30 years of litigation experience, including several suits similar to the instant case. He charged Defendants Gaye Lokey and Sissy McInnis an hourly fee of $225.00. The Court finds that this is a reasonable rate for the services provided.

After determining the number of compensable hours and the appropriate hourly rate, the court multiples one by the other to produce the "lodestar" amount. *Shipes*, 987 F. 2d at 319. Here, the Defendant has performed 64.8 hours at an hourly rate of $225.00. The lodestar amount is therefore $13,950.00. There is a strong presumption that the calculated lodestar is the reasonable fee and should only be modified in exceptional cases. *Saizan*, 448 F. 3d at 800 (citing *Heidtman v. County of El Paso*, 171 F. 3d 1038, 1043 (5th Cir. 1974)). However, the lodestar may be adjusted upward or downward based on a consideration fo the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 7171-19; *Watkins*, 7 F. 3d at 457.[1] The Court has considered each of these factors and determined that there is no reason to adjust the lodestar in this case.

---

[1] The twelve Johnson factors are: (1) the time and labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirabilty" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F. 2d at 717-19.

As the party seeking costs, Defendants have the burden to support their request for expenses with evidence documenting the costs incurred. *See Fogelman v. ARAMCO*, 920 F. 2d 278, 285-86 (5th Cir. 1991). Whether costs and expenses are reasonable is left to the sound discretion of the trial judge. *See Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F. 2d 374, 380 (5th Cir. 1990) (citing *Curtis v. Bill Hanna Ford, Inc.*, 822 F. 2d 549, 553 (5th Cir. 1987); *In re Hunt*, 754 F. 2d 1290, 1294 (5th Cir. 1985). Defendants seek a total of $313.64 in costs. The Court has reviewed the evidence submitted and finds that these costs are reasonable.

Finally, the Court notes that Plaintiffs are appealing its dismissal of their case and have moved the Court to stay the case accordingly. The Court has denied their motion to stay this case and awarded attorney's fees. Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain a stay of proceedings to enforce a judgment by giving a *supersedeas* bond. *See* Fed. R. Civ. Pro. Rule 62(d). The stay takes effect when the Court approves the bond. *Id.* The district court may only stay execution of the judgment pending . . . [an] appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996). Generally, the amount of the bond must equal the amount of the judgment. *See Poplar Grove Planting & Refininf Co. v. Bache Halsey Stuart, Inc.*, 600 F. 2d 1189, 1191 (5th Cir. 1979) ("The purpose of the *supersedeas* bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."). "If a court chooses to depart from the usual requirement of a full security *supersedeas* bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Id.* Should Plaintiffs desire to stay enforcement of the awards against them during their appeal, they must file either a *supersedeas* bond in the full amount of the fees and costs awarded Defendants or offer a lower bond and evidence to justify the lower amount. The Court shall set a

deadline of March 29, 2010 for Plaintiffs to pursue either of these options.

## Conclusion

Having examined Defense counsel's time and billing records, the Court finds that Defendants are entitled to recover $13,950.00 in attorney's fees and $313.64 in taxable costs.

Wherefore, it is **ORDERED** that Defendants shall recover $13,950.00 in attorney's fees from Plaintiffs.

It is further **ORDERED** that Defendants shall recover $313.64 in taxable costs from Plaintiffs.

It is further **ORDERED** that Plaintiff shall file any motion to stay the enforcement of this judgment on or before March 29, 2010.

**SO ORDERED**.

**SIGNED** this the **17** day of **March, 2010.**

_____
Thad Heartfield
United States District Judge