

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| C. and C.S., for their minor daughter, H.S., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-374-TH |
| SILSBEE INDEPENDENT SCHOOL DISTRICT, et al, | § § § § | JURY |
| Defendants. | § | |

# ORDER

Before the Court is the *Plaintiffs' Opposed Motion to Stay Proceedings to Enforce Award of Attorney's Fees and Costs Pending Appeal* [Clerk's Docket No. 67], filed on March 29, 2010; *Plaintiffs' Unopposed Motion to Redact Certain Paragraphs from their Motion to Stay* [Clerk's Docket No. 69], filed on March 30, 2010; and, *Defendants' Motion to Strike and Opposition to Plaintiffs' Motion to Stay* [Clerk's Docket No. 70], filed on April 1, 2010. Plaintiffs have represented that they are unable to pay attorney's fees and costs. They are currently appealing this court's dismissal of their claims against Defendants and ask the Court to stay enforcement of the award of attorney's fees and costs until that appeal is concluded.

Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain a stay of proceedings to enforce a judgment by giving a *supersedeas* bond. *See* Fed. R. Civ. Pro. Rule 62(d). The stay takes effect when the Court approves the bond. *Id.* The district court may only stay execution of the judgment pending . . . [an] appeal if the court provides for the security of the judgment creditor."

*Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996). Generally, the amount of the bond must equal the amount of the judgment. *See Poplar Grove Planting & Refininf Co. v. Bache Halsey Stuart, Inc.*, 600 F. 2d 1189, 1191 (5th Cir. 1979) ("The purpose of the *supersedeas* bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."). "If a court chooses to depart from the usual requirement of a full security *supersedeas* bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Id.* Given Plaintiffs' current financial restraints while they pursue their appeal, the Court shall approve a stay of all proceedings to enforce the awards of attorney's fees and costs in this case upon Plaintiffs' filing a *supersedeas* bond of **$1,061.14.** This bond represents the total costs awarded to Defendants.

Wherefore, it is **ORDERED** that Plaintiffs shall post a *supersedeas* bond of **$1,061.14** on or before April 23, 2010. Whereupon, the Court shall approve the stay pending the final resolution of the appeal and grant Plaintiffs' motion to stay proceedings to enforce the award of attorney's fees and costs. Should Plaintiffs fail to post the bond, there will be no stay of enforcement proceedings nor shall this Court consider any additional motions from Plaintiffs on this matter.

It is further **ORDERED** that *Plaintiffs' Motion for Leave to Redact Portions of their Opposed Motion to Stay* [Clerk's Docket No. 69] is **GRANTED**.

It is further **ORDERED** that *Defendants' Motion to Strike* [Clerk's Docket No. 70] is **DENIED**.

**SO ORDERED**.

**SIGNED** this the 7 day of **April, 2010.**

_____
Thad Heartfield
United States District Judge